USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PETER CHANG,                                            :
                                                       :
                                                       :        **REPORT AND RECOMMENDATION**
                                        Plaintiff,     :
                                                       :        11 Civ. 7062 (PAC) (JLC)
              -v.-                                      :
                                                       :
CITY OF NEW YORK DEPARTMENT                             :
FOR THE AGING,                                          :
                                                       :
                                        Defendant.     :
-------------------------------------------------------------x

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Paul A. Crotty, United States District Judge:**

Plaintiff Peter Chang ("Chang"), a former accountant employed by the New York City

Department for the Aging ("the agency"), has brought this action pro se pursuant to federal,

state, and local law alleging that he was discriminated against based on his race and age.  The

agency has moved to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, on the grounds that (1) Chang has failed to plead facts sufficient to state

plausible claims of discrimination under federal law; and (2) the state and local law claims are

barred by Chang's election of remedies.  For the reasons that follow, I recommend that the

motion be granted.

**I.      Background**

A.      Chang's Complaint

The following facts are taken from the pro se form Complaint and the documents

attached thereto that Chang filed on October 6, 2011 ("Compl.") (Doc. No. 1), and are accepted

as true for purposes of this motion.[1]  Chang was hired by the agency in 1996 and was employed

---

[1]      When deciding a 12(b)(6) motion to dismiss, "the district court is normally
required to look only to the allegations on the face of the complaint."  Roth v. Jennings, 489 F.3d
(continued...)

as an accountant. <u>See</u> Attachment to Part B of Complaint ("Compl. Attachment"); <u>see also</u> Declaration of Assistant Corporation Counsel Adam E. Collyer dated December 29, 2011 ("Collyer Dec.") (Doc. No. 9), Exhibit A, at 1 (NYSDHR Determination and Order After Investigation dated May 31, 2011, Case No. 10147684). On August 19, 2010, Chang received a negative evaluation from his supervisor, Jean Pierre, which he appealed. Compl. Attachment. Chang's appeal was rejected, and he then filed a second appeal. <u>Id.</u>

On September 22, 2010, Chang received a "Notice and Statement of Charges" from the director of human resources at the agency allegedly criticizing him for violating the agency's code of conduct. <u>Id.</u>[2] Chang challenged this Notice, contending that the charges "related [to a] minor mistake that had been corrected." <u>Id.</u>

On October 8, 2010, Chang was given an informal conference regarding these charges, and was informed he was to be suspended without pay for five days. <u>Id.</u> Chang appealed this decision immediately. <u>Id.</u> On December 24, 2010, before any final decision had been made on his appeal, Chang resigned from the agency, claiming that he did so due to "constant harassment [which] was impacting [his] health negatively." <u>Id.</u>

B.    <u>Procedural History</u>

On March 29, 2011, Chang filed a complaint with the New York State Division of

---

[1](...continued)
499, 509 (2d Cir. 2007). However, the court may also rely upon "documents attached to the complaint as exhibits[] and documents incorporated by reference in the complaint." <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted). The court can also consider "matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002) (citation and quotation marks omitted).

[2]    Chang's Complaint says this occurred on September 22, 2011, but given that all of the other facts alleged occurred in 2010, this appears to be an error.

Human Rights ("NYSDHR"), alleging that the agency had discriminated against him on the basis of his race and age. Collyer Dec., Exh. A, at 1. On May 31, 2011, after an investigation, the NYSDHR issued a "no probable cause" determination with respect to Chang's complaint. Id. Specifically, the NYSDHR found that Chang's retaliation charges against the agency were "not based upon protected activity," that his "voluntary resignation does not bear any of the marks of a constructive discharge[,]" and that his complaint was dismissed "[b]ased on the lack of evidence of discrimination." Id. at 2. On July 8, 2011, the United States Equal Employment Opportunity Commission issued a right to sue notice to Chang, advising that it had "adopted the findings of the [NYSDHR] that investigated the charge."[3]

Chang commenced this suit on October 6, 2011. In his Complaint, he alleges that the charges the agency brought against him in August and September, 2010 were prosecuted in an effort to force him to resign, and he alleges that he was "forced to resign because [he is] Asian, and 67 years old and opposed discrimination." Compl. Attachment. In filling out the form pro se employment discrimination complaint, Chang checked off Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law, as the basis for his Complaint.

The agency moved to dismiss the Complaint on December 29, 2011 pursuant to Rule 12(b)(6) (Doc. No. 8).[4] In its motion, it argues that the federal claims contained in the

---

[3]     The EEOC Dismissal and Notice of Rights dated July 8, 2011 is attached to the Complaint.

[4]     While the agency moved solely under Rule 12(b)(6), it should have also moved under Rule 12(b)(1) as to its arguments with respect to the state and local claims, since it is arguing that the Court lacks subject matter jurisdiction as to them due to the election of remedies doctrine. See, e.g., Jackson v. N.Y.S. Dep't of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (granting Rule 12(b)(1) motion when state and local claims barred by election of remedies provisions). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court may consider evidence outside the pleadings. Id. at 223.

Complaint fail to state a claim because Chang has not alleged a plausible claim of employment discrimination.  See Memorandum of Law In Support Defendant's Motion to Dismiss the Complaint dated December 29, 2011 ("Def. Mem.") (Doc. No. 10), at 5-8.  In particular, the agency contends that Chang has failed to meet the required pleading standard because he has acknowledged that he has not performed his duties in a satisfactory manner, id. at 5, and even if he had, his pleading is "entirely insufficient" because it "offers no dates, times, or actual events that occurred to plaintiff that could be construed as discriminatory, or that any of the alleged actions were motivated by his race."  Id. at 6.  In addition, the agency argues that Chang has not sufficiently pled that it took any qualifying adverse employment action against him, since he fails to allege that he was demoted or terminated as a result of a negative evaluation.  Id.  As to Chang's age discrimination claim, the agency contends that Chang has failed to allege a sufficient causal connection between any adverse employment action and his age.  Id. at 7.

As to the state and local claims, the agency argues that they are barred by Chang's election of remedies.  Id. at 8-9.  In particular, because Chang elected to pursue his allegations with the NYSDHR, the agency contends that Chang is precluded as a matter of law from bringing claims in federal court under the state or city human rights law.  Id. at 9.[5]

Chang filed an affirmation in opposition to the motion to dismiss dated February 14, 2012 ("Chang Aff.") (Doc. No. 13).  In his affirmation, he asserts that the agency violated the Constitution and human rights law by discriminating against him on the basis of race and age, and retaliated against him as well.  Chang Aff. at 2.  Chang acknowledges that he was not suspended for five days because he filed an appeal, and ultimately resigned from employment

---

[5]     The agency's reply brief essentially repeats these arguments (Doc. No. 14).

with the agency, claiming he had been forced to quit due to "an intolerable and hostile working environment." Id.[6]

Following the submission of the motion, the Court held a conference on March 13, 2012 to discuss the motion, as well as the possibility of settlement. (See Doc. No. 15). Having determined that the case could not be settled, the Court asked Chang to state on the record exactly what his claims were so that there was a complete record of them. See Transcript of Proceedings ("Tr.") dated March 13, 2012, at 4. After reviewing a number of prior incidents that he alleged demonstrated mistreatment, Chang set forth the following regarding the circumstances that allegedly occurred in 2010 giving rise to his Complaint:

> And finally, finally in 2010, during the September [sic], I received a [sic] evaluation, the evaluation. I believe that evaluation is not based on whatever I preferred to my job because I always prefer my job in the same situation and the best server.
>
> And, also, I always provide service to help to other employees and to do the job, but the [sic] Jean Pierre gave me, what is it, the evaluation. I [sic] asking that maybe they can change it a little bit to just average, average evaluation, and he don't [sic] want to change, and my petition to his supervisor. His name is John Jones, but John Jones also reject [sic] my request.
>
> I file another petition to the assistant commissioner, second time, second time, exactly the day about September 22nd. Just as, you know, I file my second – I tried to file my second petition to that assistant commissioner. And the same day they send me a notice of discharge and to criticize about my work and that John Jones is talking about unsatisfy [sic] my work back to six months ago.

Tr. 6:25-7:17. Chang acknowledged that "[e]verything is in [his] papers," Tr. 7:24, and confirmed that he did not serve the five-day suspension that had been proposed before he resigned. Tr. 8:1-5.

---

[6]     Chang also filed a memorandum of law in opposition to the motion attached to his affirmation.

## II.   Discussion

### A.   Applicable Legal Standards

The agency has moved to dismiss the Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a 12(b)(6) motion, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. See, e.g., Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec. LLC, 568 F.3d 374, 376 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are not enough to survive a motion to dismiss. Twombly, 550 U.S. at 555.

For complaints such as Chang's that allege claims of employment discrimination, the Iqbal plausibility standard applies in conjunction with the pleading standards set forth in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002). See Twombly, 550 U.S. at 547 ("This analysis does not run counter to Swierkiewicz . . . . Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); Arista Records LLC v. Doe 3, 604 F.3d 110, 119-21 (2d Cir. 2010) (finding Swierkiewicz, Twombly, and Iqbal in agreement); Jackson, 709 F. Supp. 2d at 224, 226. Indeed, "[t]he Swierkiewicz holding applies with equal force to any claim . . . that the McDonnell Douglas framework covers" and "retains its vitality in the wake of Twombly and Iqbal."

6

Shamilov v. Human Res. Admin., No. 10 Civ. 8745 (PKC), 2011 WL 6085550, at *3 (S.D.N.Y. Dec. 6, 2011) (citations omitted).

"At the pleading stage, Swierkiewicz 'teaches that a plaintiff is not required to come forth with allegations sufficient to make a prima facie case of employment discrimination or to satisfy the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Shamilov, 2011 WL 6085550, at *4. See Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007). Rather, "a complaint must include . . . a plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512 (internal quotations omitted). Therefore, in order to defeat a motion under Rule 12(b)(6) in an employment discrimination case, a complaint must "give fair notice of the basis of plaintiff's claims and the claims themselves must be facially plausible." Shamilov, 2011 WL 6085550, at *4.

Complaints prepared by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." Peay v. Ajello, 470 F.3d 65, 67 (2d Cir. 2006) (citations and quotation marks omitted). Because Chang filed his pleadings pro se, the Court must liberally construe them and interpret his Complaint "to raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). However, the Court need not accept as true "conclusions of law or unwarranted deductions of fact." See, e.g., First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (citation and quotation marks omitted). In addition, the fact that Chang is proceeding pro se "does not exempt [him] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation and quotation marks omitted). Finally, "even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their

pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" Jackson, 709 F. Supp. 2d at 224 (quoting Twombly, 550 U.S. at 555)).

      B.    Failure to State a Claim

      1.    Title VII

      Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To establish a prima facie case of employment discrimination under Title VII, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." Ruiz v. Cnty. of Rockland, 609 F.3d 486, 492 (2d Cir. 2010) (citation omitted).

      Although Chang "need not allege a prima facie disparate treatment claim to survive a motion to dismiss," he must "at least satisfy the requirements of Rule 8(a) notice pleading." Jackson, 709 F. Supp. 2d at 227. This he has failed to do. As a threshold matter, Chang has not alleged any dates, times, or events that occurred that gave rise to discrimination, or that any actions taken were motivated by race. As the agency argues, the allegations that Chang was impacted by "constant harassment," and that "other accountants have made similar mistakes . . . without being charged," are what the Supreme Court in Iqbal characterized as "'unadorned, the-defendant-unlawfully-harmed-me accusations' that cannot survive a motion to dismiss." Def. Mem. at 6 (citing Compl. Attachment; Iqbal, 129 S. Ct. at 1949).

      Moreover, Chang has failed to plausibly allege that the agency took an adverse employment action against him. An adverse employment action must "cause a materially adverse change in the terms and conditions of employment." Patane, 506 F.3d at 112. The action cannot be a "mere inconvenience," but may include "termination of employment, a

demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." Shamilov, 2011 WL 6085550, at *6 (quoting Leibowitz v. Cornell University, 584 F.3d 487, 499 (2d Cir. 2009) (internal quotations omitted)). The receipt of disciplinary notices alone does not amount to an adverse employment action. See Jackson, 709 F. Supp. 2d at 228 (citing Anemone v. Metro. Transp. Auth., 410 F. Supp. 2d 255, 266 (S.D.N.Y. 2006)). Morever, Chang resigned, and no discipline was ever imposed. There is simply nothing in his Complaint that sets forth a plausible claim of race discrimination given this lack of an adverse employment action, or lack of identification of any particular conduct that could be construed as giving rise to race discrimination.

Likewise, were the Court to construe Chang's allegation that his workplace was so "intolerable" that he resigned as an attempt to plead a claim for constructive discharge, such a claim would fail. Chang Aff. at 2. "Even assuming the truth of [Chang's] factual allegations and giving him the benefit of all reasonable inferences, he has failed to plead that the working conditions at his former place of employment were 'so difficult or unpleasant that a reasonable person in [his] shoes would have felt compelled to resign.'" Morris v. Schroder Capital Mgmt. Int'l, 481 F.3d 86, 89 (2d Cir. 2007) (quoting Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 73 (2d Cir. 2000)). Additionally, as the agency notes, Chang "resigned prior to the resolution of the disciplinary charges pressed against him," thereby waiving the "opportunity to present his side of the story at a disciplinary hearing." Def. Mem. at 7. Chang's decision "not to participate in the process" which the agency made available to him weighs against a claim for constructive discharge. See, e.g., Stembridge v. City of New York, 88 F. Supp. 2d 276, 286 (S.D.N.Y. 2000) ("[T]he fact that a fair hearing was scheduled to address the situation prevents any reasonable inferences of discrimination.").

9

2.   Age Discrimination

The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("the ADEA"), makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). These provisions were "modeled" on the "prohibitions of Title VII." Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 391-92 (S.D.N.Y. 2011) (quoting McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 357 (1995)). Accordingly, "interpretations of the substantive antidiscrimination provisions of Title VII apply 'with equal force' in the context of ADEA age discrimination cases." Id. (quoting Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985)).

As with a Title VII claim, at this stage Chang must simply allege the essential elements of an employment discrimination claim so as to provide the employer with notice of his claim. More specifically, he must allege that "he was a member of a protected class, his employer took an adverse employment action against him, and this action occurred under circumstances from which a discriminatory motivation can be inferred." Shamilov, 2011 WL 6085550, at *7 (citation omitted). In alleging disparate treatment based on age, Chang must "further demonstrate that his age 'actually motivated the employer's decision' and had a 'determinative influence on the outcome.'" Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000)).

Chang has not alleged any facts to support his claim based on his age. While he has alleged that he is 67, and therefore sufficiently pled that he is a member of the protected class, he has not otherwise set forth any facts to make his ADEA claim "plausible on its face." Perry v. N.Y. State Dep't of Labor, No. 08 Civ. 4610 (PKC), 2009 WL 2575713, at *3 (S.D.N.Y. Aug.

10

20, 2009) (quoting Patane, 508 F.3d at 111-12).  Chang simply states, in conclusory fashion, that

he "believe[s] [he] was forced to resign because [he is] Asian, and 67 years old and opposed

discrimination." Compl. Attachment.  This is not enough to survive a motion to dismiss.  See

Shamilov, 2011 WL 6085550, at *7 (granting motion to dismiss age discrimination claim when

entirety of plaintiff's allegations appear to be written notation, "also age is factor," on single

page of complaint).  Nothing he alleges in his Complaint, in his Affirmation in opposition to the

motion to dismiss, or at the court conference in March, raises an inference of possible

discriminatory animus on the basis of age.

   Moreover, as discussed with respect to his Title VII claim, Chang has not adequately

alleged the existence of an adverse employment action.  He does not allege he was demoted or

terminated, or otherwise experienced a material alteration in the terms and conditions of his

employment, on the basis of age.  Finally, given that Chang was hired by the agency in 1996 and

worked for 14 years thereafter, he was always over the age of 40 during his agency employment

and he has alleged nothing to suggest that his age actually motivated the agency's conduct.

   3.   Retaliation

   Liberally construed, Chang's complaint also appears to allege retaliation, in that he

alleges that "the notice of charge is merely acted [sic] as retaliation, because prior to it, [he] filed

an appeal for protection." Compl. Attachment.[7]  To state a claim for retaliation, a plaintiff "must

demonstrate that (1) he engaged in [a] protected activity by opposing an employment practice

made unlawful under the relevant statute; (2) his employer was aware of plaintiff's protected

activity; (3) the employer took an adverse employment action against the plaintiff; and (4) there

was a causal connection between the protected activity and the adverse employment action."

---

[7]   Chang also checked "retaliation" in his Complaint as the discriminatory conduct
of which he complains.  See Complaint, section II.A (Statement of Claim).

11

Shamilov, 2011 WL 6085550, at *8; see also Jackson, 709 F. Supp. 2d at 227 (citing

McMenemy v. City of Rochester, 241 F.3d 279, 282-83 (2d Cir. 2001)).  At this stage, Chang

need not establish a prima facie case of retaliation, but must nonetheless "allege facts that state a

plausible retaliation claim." Shamilov, 2011 WL 6085550, at *8 (citing Jackson, 709 F. Supp.

2d at 228).

      It is not clear from Chang's complaint that he has satisfied the first two elements of a

retaliation claim, in that he has not sufficiently described what protected activity he engaged in,

or that the agency was aware of it.  Moreover, even if he had, Chang has failed to plead a

plausible claim for retaliation because he alleges no facts to suggest how he suffered an adverse

employment action as a result of engaging in any protected activity.  The most he offers is the

statement that the agency "prosecuted the charges against [him] in an effect [sic] to push [him]

to resign [his] position." Compl. Attachment.  But he does not articulate what the adverse

employment action is in this context, and he acknowledges that he resigned before any

suspension or other potential adverse action was imposed.  Chang did not file his complaint with

the NYSDHR until after he resigned, so there can be no connection between that protected

activity and anything that occurred prior to that time.

      C.    Election of Remedies

      Both the New York State Human Rights Law ("NYSHRL") and the New York City

Human Rights Law ("NYCHRL") include an "election of remedies" provision, which precludes

a plaintiff from initiating judicial action if he has already filed a complaint with the NYSDHR.

New York Executive Law section 297(9) provides, in relevant part:

> Any person claiming to be aggrieved by an unlawful
> discriminatory practice shall have a cause of action in any court of
> appropriate jurisdiction . . . unless such person had filed a
> complaint hereunder or with any local commission on human
> rights . . . provided that, where the division has dismissed such
> complaint on the grounds of administrative convenience, on the

12

> grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

The NYCHRL "language . . . is nearly identical . . . and discussion of the latter applies equally to the former." Jackson, 709 F. Supp. 2d at 225 (quoting York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 127 (2d Cir. 2002)); see also N.Y.C. Admin. Code § 8-502(a). If a plaintiff has his complaint dismissed by the NYSDHR, he may appeal that determination to the New York State Supreme Court. N.Y. Exec. Law § 298; see also York, 286 F.3d at 127.

It is well-settled that "[w]here a plaintiff files a claim with the [NYSDHR] and subsequently files suit in federal court raising substantially similar charges, the federal court lacks subject matter jurisdiction." Lopez v. 845 WEA Mgmt. Inc., No. 11 Civ. 281 (TPG), 2012 WL 661687, at *6 (S.D.N.Y. Feb. 29, 2012). See also Session v. N.Y.C. Dist. Council of Carpenters, No. 10 Civ. 0298 (SHS), 2011 WL 497619, at *4 (S.D.N.Y. Feb. 10, 2011) (court lacks jurisdiction over claims in federal action that were adjudicated before NYSDHR) (citing Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 882 (2d Cir. 1995)). In this case, Chang filed a complaint with the NYSDHR, which was dismissed for lack of probable cause, that stems from the same set of allegations related to his receipt of a negative evaluation in August, 2010 as those set forth in his federal complaint. Therefore, Chang elected his remedies and the Court lacks subject matter jurisdiction over his claims under the NYSHRL and the NYCHRL.[8]

---

[8] Even if the NYSHRL and NYCHRL claims were not barred by the "election of remedies" doctrine, the Court has the discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over state and city claims after the dismissal of all claims over which it had original jurisdiction. Given the early stage of the litigation, the Court should alternatively decline to exercise jurisdiction over these claims and dismiss them without prejudice. See Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) (where "federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendant jurisdiction over remaining state law claims") (citations omitted); Cruz v. PS1 Contemporary Art Ctr., No. 10-CV-4899 (RRM) (JMA), 2011 WL 3348097, at *3 (E.D.N.Y. Aug. 1, 2011) (having dismissed federal discrimination claims,
(continued...)

D.    Leave to Amend

It is well-settled that a district court must liberally construe a pro se complaint, and "should generally not dismiss [it] without granting the plaintiff leave to amend." Petway v. N.Y.C. Transit Auth., 2011 WL 6157000, at *1 (2d Cir. Dec. 13, 2011) (citation omitted). Nonetheless, "leave to amend is not necessary when it would be futile." Id.; see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding that leave to replead would be futile where complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). In Petway, where the district court had dismissed the complaint sua sponte without granting leave to amend or making a finding that such an amendment would be futile, the Second Circuit affirmed, because the complaint gave "no indication that [the plaintiff] could have stated a colorable claim [under the Americans with Disabilities Act] had he been granted leave to amend." Petway, 2011 WL 6157000, at *1 (citation omitted).  The Circuit found that the plaintiff did not "plausibly suggest that any of the defendants in this case discriminated against him on the basis of his disability for purposes of an ADA claim." Id. (citation omitted).

In this case, leave to amend would be futile as well.  Chang has been given three chances – in his complaint, in his papers in opposition to the motion, and on the record at a court conference – to articulate a plausible claim for age or race discrimination.  He has not been able to do so.  Accordingly, providing an additional opportunity at this juncture would be futile.

---

[8](...continued)
court determines state and city claims are "more appropriately determined in a state forum due to interests of comity and efficiency") (citation omitted).

**III.**   **Conclusion**

For the foregoing reasons, I recommend that the Court dismiss the Complaint in its entirety.

## PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010). If Chang does not have access to cases cited herein that are reported on Westlaw, he should request copies from Defendant. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Dated:  New York, New York
      April 10, 2012

JAMES L. COTT
United States Magistrate Judge

15

**Copies of this Report and Recommendation have been sent by ECF to counsel of record and by mail to:**

Peter Chang
33-04 93rd Street #1T
Jackson Heights, NY 11372