UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PETER CHANG,                                            :
                                                        :
                    Plaintiff,                          :
                                                        :
          -against-                                     :
                                                        :
CITY OF NEW YORK DEPARTMENT                             :
FOR THE AGING,                                          :
                                                        :
                    Defendant.                          :
-----------------------------------------------------------X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: June 14, 2012 |

11 Civ. 7062 (PAC) (JLC)

ORDER ADOPTING REPORT AND
RECOMMENDATION

HONORABLE PAUL A. CROTTY, United States District Judge:

On October 6, 2011, pro se Plaintiff, Peter Chang ("Chang"), an accountant formerly

employed by Defendant the New York City Department for the Aging (the "Agency"), filed this

action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title

VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. ("ADEA"),

the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL"), and the

New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101, et seq. ("NYCHRL").

Chang alleges discrimination on the basis of his race and age.

On December 29, 2011, the Agency moved to dismiss Chang's Title VII claims pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Agency argues that Chang failed

to allege a plausible claim of employment discrimination under federal law, and that Chang's

state and local claims are barred by Chang's election of remedies.  On April 10, 2012, Magistrate

Judge James L. Cott issued a Report and Recommendation ("R&R") recommending that the

Court grant the Agency's motion in its entirety.  For the reasons set forth below, the Court adopts

the R&R in full and grants the Agency's motion to dismiss the Complaint.

# BACKGROUND[1]

A.  Facts

In 1996, Chang was hired by the Agency as an accountant.  On August 19, 2010, Chang received a negative evaluation from his supervisor, Jean Pierre, the Agency's Director of Contract Accounting.  Chang appealed his evaluation, but the appeal was rejected, and Chang filed a second appeal.

On September 22, 2010, Chang received a "Notice and Statement of Charges" (the "Notice") from the Director of Human Resources at the Agency.  The Notice criticized Chang for allegedly violating the Agency's code of conduct.   Chang challenged the Notice, contending that the charges "related [to a] minor mistake that had been corrected."  On October 8, 2010, the Agency informed Chang that as a result of these charges, he was to be suspended without pay for five days.  Chang appealed this decision, but the suspension was never executed because Chang resigned from the Agency on December 24, 2010, before any final decision had been made on his appeal.  Chang claims he resigned due to "constant harassment [which] was impacting [his] health negatively."

B. Procedural History

On March 29, 2011, Chang filed a complaint with the New York State Division of Human Rights ("NYSDHR"), alleging that the Agency had discriminated against him on the basis of his race and age.  On May, 31, 2011, after an investigation, the NYSDHR issued a "no probable cause" determination with respect to Chang's complaint.  Specifically, the NYSDHR found that Chang's retaliation charges against the Agency were "not based upon protected activity," that his "voluntary resignation does not bear any of the marks of a constructive

---

[1] All facts are taken from the April 10, 2012 R&R unless otherwise noted.

discharge[,]" and that his complaint was dismissed "[b]ased on the lack of evidence of discrimination." On July 8, 2011, the United States Equal Employment Opportunity Commission ("EEOC") issued a right to sue notice to Chang, advising that it had "adopted the findings of the [NYSDHR] that investigated the charge."

On October 6, 2011, Chang filed this action alleging that the Agency discriminated against him based on his race and age. On December 29, 2011, the Agency moved to dismiss Chang's Title VII claims for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The Agency also argues that Chang's state and local claims are barred by Chang's election of remedies. In response, Chang acknowledges that he resigned before any final decision was made on the proposed five-day suspension. Nonetheless, Chang claims that he was forced to quit due to the "intolerable and hostile working environment."

C. Magistrate Judge Cott's R&R

On April 10, 2012, Magistrate Judge Cott issued a Report and Recommendation recommending that the Court grant the Agency's motion in its entirety.

1. Title VII Claims

Title VII prohibits employers from discriminating against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). A plaintiff asserting a Title VII claim must satisfy an initial burden of "proving by the preponderance of the evidence a *prima facie* case of discrimination." Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Accordingly, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." Ruiz v. Cnty. of Rockland, 609 F.3d 486, 492 (2d Cir. 2010) (citation omitted). Although a

complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Magistrate Judge Cott found that Chang failed to satisfy the notice pleading requirements under Fed.R.Civ.P. 8(a). Chang did not allege any dates, times, or events that occurred that supported the discrimination allegation, or that any actions were motivated by race. Although Chang alleged that the Agency subjected him to "constant harassment," and that other accountants were not charged after making similar mistakes, Magistrate Judge Cott found these allegations were insufficient to survive a motion to dismiss. (R&R at 8 (citing Iqbal, 556 U.S. at 678).)

Magistrate Judge Cott also found that Chang failed to plausibly allege that the Agency took an adverse employment action against him. (Id.) An adverse employment action must "cause a materially adverse change in the terms and conditions of employment." Patane v. Clark, 506 F.3d 106, 112 (2d Cir. 2007) (internal quotation marks and citations omitted). Receipt of a disciplinary notice does not amount to an adverse employment action. See Jackson v. N.Y.S. Dep't of Labor, 709 F. Supp. 2d 218, 228 (S.D.N.Y. 2010) (citation omitted). Chang concedes he resigned before serving his five-day suspension, and no discipline was ever imposed. Moreover, Chang failed to allege any particular conduct that could be construed as giving rise to race discrimination. Accordingly, Magistrate Judge Cott concluded that Chang failed to state a plausible claim under Title VII. (R&R at 9.)

Magistrate Judge Cott also found that even if the Court were to construe Chang's allegation that he resigned because his workplace was so "intolerable" as an attempt to plead a claim for constructive discharge, such a claim would fail. "Constructive discharge occurs when

the employer, rather than acting directly, deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Morris v. Schroder Capital Mgmt. Int'l, 481 F.3d 86, 89 (2d Cir. 2007) (per curiam) (internal quotation and citation omitted). Magistrate Judge Cott concluded that Chang failed to plead facts showing that "working conditions at his former place of employment were so difficult or unpleasant that a reasonable person in [his] shoes would have felt compelled to resign." (R&R at 9 (quoting Morris, 481 F.3d at 89).) In addition, Magistrate Judge Cott found that Chang's decision to resign from the Agency prior to receiving a disciplinary hearing weighed against any claim for a constructive discharge. (Id. (citing Stembridge v. City of New York, 88 F. Supp. 2d 276, 286 (S.D.N.Y. 2000).)

       2.  Age Discrimination Claim

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Courts interpret the ADEA coextensively with the substantive antidiscrimination provisions of Title VII. Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985).

To state a claim under the ADEA, Chang must allege that "he was a member of a protected class, his employer took an adverse employment action against him, and this action occurred under circumstances from which a discriminatory motivation can be inferred." Shamilov v. Human Res. Admin., No. 10 Civ. 8745, 2011 WL 6085550, at *7 (S.D.N.Y. Dec. 6, 2011) (citation omitted). In alleging disparate treatment based on age, Chang must "further demonstrate that his age 'actually motivated the employer's decision' and had a 'determinative

influence on the outcome.'" Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000)).

Magistrate Judge Cott found that Chang failed to allege any facts to support his claim for age-based discrimination under the ADEA. In his Complaint, Chang alleged only that he "believe[s] [he] was forced to resign because [he is] Asian, and 67 years old and opposed discrimination." Magistrate Judge Cott appropriately found this allegation was conclusory, inadequate, and unable to survive a motion to dismiss.

### 3. Retaliation Claim

To state a claim of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) his employer knew of this activity; (3) the employer took adverse action against him; and (4) there was a causal relation between the adverse action and the protected activity. Cifra v. Gen. Elec. Co., 252 F.3d 205, 216 (2d Cir. 2001). Magistrate Judge Cott found that Chang failed to satisfy the first two elements of a retaliation claim, as Chang's Complaint does not sufficiently describe what protected activity he engaged in or that the Agency was aware of that activity. (R&R at 12.) Magistrate Judge Cott also found that since Chang did not file his NYSDHR complaint until after he resigned from the Agency, Chang failed to allege a causal link between his protected activity and any adverse employment action. Accordingly, Magistrate Judge Cott recommended that the Court dismiss Chang's retaliation claim.

### 4. State and Local Claims

Under the NYSHRL and the NYCHRL, a plaintiff is precluded from initiating judicial action if he has already filed a complaint with the NYSDHR.  New York Executive Law section 297(9) provides, in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9).  The NYCHRL contains "nearly identical" language and is interpreted coextensively with the Executive Law.  York v. Ass'n of the Bar of the City of N.Y., 286 F.3d 122, 127 (2d Cir. 2002).  Under the election of remedies provisions, a plaintiff's judicial and administrative remedies are intended to be mutually exclusive.  See Moodie v. Fed. Reserve Bank of N.Y., 58 F.3d 879, 882 (2d Cir. 1995).  Where a plaintiff's state claims have been adjudicated by the NYSDHR and dismissed for lack of probable cause, a federal court lacks subject matter jurisdiction over those claims.  See id.

Magistrate Judge Cott found that Chang's complaint with the NYSDHR, which was dismissed for lack of probable cause, and Chang's Complaint filed in this action "stem from the same set of allegations."  (R&R at 13)  Since the NYSDHR dismissed Chang's complaint, Magistrate Judge Cott found that the Court lacks subject matter jurisdiction over Chang's claims under the NYSHRL and the NYCHRL.

## DISCUSSION

A. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). When a timely objection has been made to the magistrate's recommendations, the Court is required to review the contested portions *de novo*. Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error . . . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

B. Chang's Objections

Chang filed timely objections to the R&R. The Court has reviewed these objections and finds them to be without merit.[2]

1. Chang's Title VII Claims

Chang objects to Magistrate Judge Cott's recommendation that he did not satisfy Rule 8(a) notice pleading because he failed to allege any dates, times, or events that occurred that gave rise to discrimination, or that any actions were motivated by race. (Docket No. 20, at 1.) Chang states that he has "experienced so many harassment [sic] under Mr. Pierre's supervision." Id. Chang merely repeats and quotes the same facts stated in his Memorandum of Law in Support of

---

[2] Chang failed to object to Magistrate Judge Cott's recommendation regarding age discrimination. Accordingly, the Court has reviewed this portion of the R&R for clear error. See Feehan v. Feehan, No. 09 Civ. 7016, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

his Affirmation in Opposition to the Motion to Dismiss.  Accordingly, Magistrate Judge Cott considered these arguments and appropriately addressed them in the R&R.

Chang also objects to Magistrate Judge Cott's finding that he failed to plausibly allege that the Agency took an adverse employment action against him.  He refers to an incident that allegedly took place in August 2006, when Chang filed a complaint with his supervisor after being "assaulted by a co-worker."  Id. at 2.  Chang claims that after calling his co-worker a "liar," he was suspended without pay for five days.  Id.  Chang's objection is without merit for three reasons.  First, any discrimination claim arising from this more than four-year-old incident is time barred under Title VII.  See 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-110 (2002).  Second, Chang fails to show that the Agency's alleged actions were motivated by race.  In fact, Chang acknowledges that he was suspended only after calling his co-worker a "liar."  There is no suggestion that the Agency's decision to discipline Chang was unreasonable in these circumstances.  See Joseph v. Leavitt, 465 F.3d 87, 91 (2d Cir. 2006).  Finally, it is not permissible to raise new charges of discrimination in objections to a Report and Recommendation.  Molefe, 602 F. Supp. 2d at 487.  Accordingly, Chang's objection is without merit.

2. Chang's Retaliation Claims

Chang objects to Magistrate Judge Cott's recommendation that he did not satisfy the elements of a retaliation claim.  Chang asserts that he has "clearly stated [in his] previous memo" that he was a "member of protected class which I filed petition twice to oppose an unjustified evaluation [sic]" and that "the two petitions will be considered as a qualified constructive notices which would bring management's attention [sic]."  (Docket No. 20, at 2.)  Chang, however, fails

to allege that he was engaged in any protected activity, or that the Agency was aware of any such activity. See Cifra, 252 F.3d at 216. Accordingly, Chang's objection is without merit.

    3. Chang's State and Local Claims

    Chang objects to Magistrate Judge Cott's recommendation that the Court lacks subject matter jurisdiction because Chang elected to adjudicate his state and city claims before the NYSDHR. He argues that his claims under the NYSHRL and NYCHRL are not barred by his election of remedies because the EEOC issued him a right to sue letter. (Docket No. 20 at 2.) Chang mistakenly conflates his Title VII, ADEA, NYSHRL, and NYCHRL claims. Chang filed his state and city claims with the NYSDHR, which dismissed them. As a result, this Court has no subject matter jurisdiction to adjudicate Chang's NYSHRL and NYCHRL claims. See N.Y. Exec. Law §279(9).

## CONCLUSION

    For the foregoing reasons, the Court accepts and adopts the Report and Recommendation as its opinion. The Agency's motion to dismiss is granted in its entirety. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
    June 14, 2012

                                SO ORDERED

                                PAUL A. CROTTY
                                United States District Judge

Copies mailed to:
Peter Chang
33-04 93rd St. Apt. 1T
Jackson Heights, NY 11372

10